Locke, Judge,
 

 delivered the opinion of the Court:
 

 The garnishee has stated at full length, the nature of the debt, and the amount thereof, due to Davis at the time he was summoned at the instance of the present Plaintiff, and the last contract made with Davis, under which he has paid the five hundred pounds which the Plaintiff prays may be condemned for his use. He submits to this Court how far he is liable to the Plaintiff’s demands. To determine the extent of this liability, it may be necessary to consider it on the ground of the debt due to Davis at the time lie was first summoned: and, secondly, on the ground of his second contract, by virtue of which the first debt was extinguished or surrendered to the Defendant. As to the first, it is a general principle, that a garnishee, when summoned by the Plaintiff in attachment, is entitled to make every defence against such Plaintiff, that he would be entitled to make against the original contracting party, had he brought suit. For it is rather a case between them, than between Plaintiff and garnishee; in as much as the Plaintiff’s right to re
 
 *472
 
 cover must depend on some existing debt between gar-’ nishee and his creditors. If, then, Davis had brought an action of debt upon the bond for £870, and Hinton had p]eaded the statute of usury, (as he has virtually done here,) and.the evidence shewed to the Jury that Davis had reserved to himself eight or ten pounds for the forbearance of every hundred pounds attempted to be secured by the bond, the Jury must have found that the bond was given on an usurious consideration, and therefore void: and if void as between Davis and Defendant, will be equally so between Defendant and Russell. On that part of the garnishment, therefore, no doubt can be entertained. -, ,
 

 But it is alleged, that as Defendant, by virtue of a second contract, and after he was summoned as a garnishee in this case, has paid over to Davis five hundred pounds', ho is liable to the Plaintiff for that amount. This part of the case seems to indicate more than usual skill on the part of the- Plaintiff, to circumvent and ensnare an honest, unsuspecting man. At whose instance was this second contract made ? Did it not proceed from the intimations of the Plaintiff himself ? He recommended this measure to the Defendant, at the same time assuring him that he had full confidence in the integrity of Davis, and if this contract was made by Defendant, he felt certain that the debt which Davis owed him, would be paid. lie did not say, in express terms, that Defendant should be discharged from his garnishment: but his mentioning, that if Defendant made the contract, he had full confidence that Davis, in that event, would pay his
 
 debt;
 
 that owing to these solicitations of the Plaintiff’, the contract was made, and in full confidence that Russell would look to Davis for his debt, and discharge Defendant, seem to be tantamount to an express discharge. For, if Defendant was or could be liable, there was no necessity to place any confidence in Davis, because the Plaintiff had the Law on his side to compel a
 
 *473
 
 payment from Defendant, let Davis act in any way lie pleased. But the case has impressed a belief upon the minds of a majority of the Court, that Plaintiff, knowing the bond to be usurious, and therefore his remedy gone against the garnishee, induced the Defendant to change the nature of his debt to Davis, under a belief which he artfully enforced, that if Defendant did so, he should not be called upon as a garnishee: and having induced Defendant to make a positive contract with Davis, a contract which, he well knew, Defendant would feel himself bound in honor to comply with, he would lay hold of that circumstance to compel a second payment by Defendant, by calling upon him as garnishee,.after he bad promised to Davis the payment of the money in such way, that Plaintiff well knew as an honorable man he could not decline the payment. If, then, the Plaintiff has made such de» clarations of bis feliance upon the integrity of Davis, as to induce Defendant to pay such sum as was really and honestly due to Davis, but of which Davis liad no legal mea^ns of compelling payment, be cannot afterwards have any claim on Defendant. If he should be made liable, he wrould be compelled to pay this debt twice, when, without the advice and influence of the Plaintiff, be was not liable to pay any part of it. The statute pf usury shielded him effectually. The Defendant cannot recover back the money which he paid to Davis, supposing it to have been paid upon an illegal consideration.
 
 *
 
 Wc are therefore of opinion, that no judgment of condemnation ought to be rendered against the garnishee, and .that he ought to be discharged.
 

 Haix, Judge,
 

 contra. — I think now as I did in the case of Gee
 
 v.
 
 Warwick,
 
 †
 
 that a garnishee has a right to avail himself of any legal defence which he might have in his power, were, he sued in an action at Law by his creditor. If, in the present case, the debt due by the Defendant to
 
 *474
 
 Davis, was contracted upon an usurious consideration, it would furnish a good plea to the Defendant in an action o i - brought by Davis to recover it. ' The rights of the debtor a,,e no{. jmpairecl by the absconding of the' creditor : but to answer ,the purposes of justice, the rights of the creditor so absconding, are,
 
 bf
 
 our act of Assembly, transferred to others to whom he is a debtor. In such case, the garnishee is under the same moral as well as legal obligation to pay any debt to the Plaintiff, the creditor of his creditor, that he felt himself bound by to pay it to his creditor before he absconded. The Plaintiff’s claim, in this case, is as strong upon the Defendant, as if Davis had assigned the bond in question to him. Although the garnishee may háve a good defence against a recovery upon the bond, founded upon the act of Assembly made to prevent usurious contracts, he ought not, after having voluntarily relinquished it as to Davis, to be permitted to shelter himself under it as to Russell. He was under no tie, legal or moral, to pay a cent to Davis j but, except as to this defence, he was under both to pay it to Russell. If lie was disposed not to retain another man’s money unconscientiously, he should have well considered whose money it was. His conduct to Davis proves very clearly, that he did not intend to avail himself of that defence, but to pay what was really due. But he paid it to a person who was not entitled to receive it either on equitable or legal principles. The Plaintiff ought not thereby to be injured. In short, I think, that as the garnishee has relinquished the only defence he had at Law, (which is fully evidenced by his second contract with Davis) he stands, .as to the present Plaintiff, as if such defence never had been in his power
 
 é,
 
 and that having paid the money fo Davis, he paid it in his,own wrong, and of course should be compelled to pay it again, to the Plaintiff, whose moral right to receive it cannot be questioned, and whose legal claim to it the Defendant should not be permitted to dispute, after having renoun-
 
 *475
 
 eed the benefit of the only plea which, from his garnishment, he could with any success have relied upon. ■
 

 *
 

 3 Term Rep. 266. Doug. 468.
 

 †
 

 2 Hay. 354.